IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC HEBBE,

      Plaintiff,                    No. CIV S-00-0306 GEB EFB P

      vs.

CHERYL PLILER, et al.,

      Defendants.                <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. In the July 17, 2000, amended complaint plaintiff claims that defendants Steven Vance and Cheryl Pliler subjected him to cruel and unusual punishment in violation of the Eighth Amendment when, following a large riot, they imposed a lock-down on plaintiff's cellblock, "C-Facility," at California State Prison, Sacramento ("CSP"), resulting in the prolonged deprivation of outdoor exercise. Trial is scheduled to begin in this matter on September 25, 2007. Plaintiff requests that the court appoint three expert witnesses: a physician, a psychologist and an administrative law expert.

      Plaintiff alleges that he was denied out-of-cell exercise for 119 consecutive days, from November 10, 1998, until March 8, 1999. Defendants assert that C-Facility had a large main yard with an area for running, a volleyball court, a basketball court and gym equipment. There

1  also were smaller yards in C-Facility, but they were not equipped for prisoners' recreational use.
2  Prisoners were not allowed to exercise on any yard, large or small, because the risk of violence
3  between prisoners was too great.  Defendants assert that they investigated the riot and took
4  action to defuse the tension and end the lockdown as quickly as they could.  The issues for trial
5  are whether the threat of violence in the aftermath of the riot constituted a genuine emergency
6  and whether defendants Vance and Pliler took reasonable measures to provide opportunities for
7  outside exercise in light of the threat of violence.

8       Under the Federal Rules of Evidence, an individual with scientific, technical or
9  specialized knowledge may testify only if the testimony "will assist the trier of fact to understand
10 the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  The court may on the motion of
11 a party or on its own motion, "enter an order to show cause why an expert witnesses should not
12 be appointed, and may request the parties to submit nominations."  Fed. R. Civ. 706.  Plaintiff
13 has not shown that for purposes of determining defendants' liability the testimony of a doctor or
14 psychologist would assist the trier of fact to understand the evidence or to determine a disputed
15 fact.  Although defendants' conduct at the time was governed, at least in part, by the California
16 Administrative Code, federal law applies in this action.  Plaintiff has not explained how
17 California's regulations tend to make more or less likely any material fact in issue in this action.
18 Furthermore, deciding questions of law is within the purview of the court, not expert witnesses
19 offering their opinion on how the court should interpret the law.  For these reasons, plaintiff has
20 not shown that appointment of the requested experts is appropriate under Rule 706.

21      Accordingly, it is ORDERED that plaintiff's June 15, 2006, motion is denied and the
22 Clerk of the Court is directed to terminate document number 96.

23 Dated:  March 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE