IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC HEBBE

    Plaintiff,                     No. CIV S-00-0306 EFB P

    vs.

CHERYL K. PLILER, et al.,

    Defendants.            ORDER

_____/

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action is set for trial on Tuesday, September 25, 2007, on plaintiff's claim that defendants subjected him to cruel and unusual punishment by denying him outdoor exercise for an extended period of time during a lockdown. On August 8, 2007, plaintiff filed a request for a preliminary injunction. He seeks an order directing that he be provided additional time in the law library in order to prepare documents he must submit before trial, i.e., a trial brief, motions in limine, proposed jury instructions and a proposed verdict form. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

        A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

As noted, plaintiff moves for an order directing that he be permitted additional time in the law library in order to submit documents necessary for trial.  It appears, however that plaintiff's motion is moot.  A matter is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Plaintiff asserts that his time in the law library has been decreased from about 13 hours

Case 2:00-cv-00306-EFB   Document 136   Filed 09/19/07   Page 3 of 3

per week to about 8 hours per week.  He contends that this time is insufficient to prepare a trial brief, proposed verdict forms, proposed jury instructions and motions in limine.  However, on September 7, 2007, plaintiff submitted a six-page motion in limine, a five-page motion to expand his list of exhibits for trial, a ten-page trial brief and about 140 pages of proposed jury instructions and verdict forms.  Accordingly, to continue pursuing this motion, plaintiff must allege the condition is "capable of repetition, yet evading review."  *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).  He may do this by showing that the challenged action is of a duration too short to be fully litigated prior to its cessation and there is a reasonable expectation that the same complaining party will be subjected to the same action again.  *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).  However, even if plaintiff clears this hurdle, he must show that he is in immediate danger of irreparable harm.  This he cannot do because he has in fact filed several documents in anticipation of trial.  He has not shown that his time in the law library was inadequate, and therefore has not suffered irreparable injury.

Accordingly, it is hereby ordered that plaintiff's August 8, 2007, motion is denied.

Dated:  September 18, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3