IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC HEBBE,

        Plaintiff,                      No. CIV S-00-0306 EFB P

    vs.

CHERYL PLILER, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights by denying him outdoor exercise for a prolonged period of time. Trial is scheduled to commence on September 25, 2007. On March 26, 2007, the court issued a tentative pretrial order which, by the parties' failure to seek modification thereof, became final April 10, 2007. On June 29, 2007, and July 2, 2007, plaintiff filed several hundred pages of proposed trial exhibits. At the August 22, 2007, final pretrial conference, the court informed plaintiff that in order to submit additional exhibits, he must move to modify the final pretrial order and he must confine his request to those exhibits relevant to the jury's consideration of the case. Thus, on September 7, 2007, plaintiff filed a motion to modify the pretrial order. He seeks leave to list two additional exhibits for use at trial.

////

For the reasons explained below, plaintiff has not established grounds for amending the final pretrial order.

A pretrial order "control[s] the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e). While a pretrial order is not "an inexorable decree," *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983), modification will be granted "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The court should consider the following factors in determining whether to modify a pretrial order: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly, efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1981). The moving party must demonstrate that considering these factors, manifest injustice would result if the order is not modified. *Id.* As discussed, that has not been demonstrated here.

Plaintiff argues that he must be able to list as trial exhibits the definitions of "lockdown" and "state of emergency," contained in Title 15 of the California Code of Regulations. He asserts that he could not submit these definitions within the 15-day period for modifying the pretrial order before it became final because he did not receive the order until after the August 22, 2007, final pretrial conference.[1] He also asserts that evidence of these definitions is essential to his case because defendants justify denying plaintiff outdoor exercise by reference to the existence of a lockdown and a state of emergency at the prison. Thus, defendants know and understand these definitions and would not be prejudiced or surprised by permitting plaintiff to rely on them.

Even though defendants would not be prejudiced and there is no evidence that plaintiff

---

[1] The court notes that the Clerk of Court properly served the order on plaintiff and the postal service did not return it. At the pretrial conference, plaintiff informed the court that he had not received the pretrial order, and the court directed the Clerk to serve it again.

1 acted willfully or in bad faith by requesting leave to list these exhibits at this late date, plaintiff
2 has not shown that he meets the standards for a late designation of exhibits.  As a threshold
3 matter, plaintiff can prove his case (if meritorious) without proving the definitions of these
4 terms.  Federal law, not the California Code of Regulations, governs this action.  Plaintiff must
5 prove by a preponderance of the evidence that defendants knew plaintiff required outdoor
6 exercise, but failed to take reasonable measures under the circumstances to ensure this need was
7 satisfied.  Thus, it is not the administrative definitions of "lockdown" and "state of emergency"
8 that are relevant to determination of the federal question.  Rather, it is the particular
9 circumstances under which defendants operated that matter.  Moreover, plaintiff listed
10 defendants Pliler and Vance as witnesses.  He will be able to question these witnesses about their
11 obligations and concerns, and about the prison's security needs at the time of the events giving
12 rise to this action.  To the extent that Title 15 of the California Code of Regulations has any
13 relevance to their testimony, that codified statute is subject to judicial notice.  Accordingly,
14 plaintiff is free to cross examine by use of the provisions of the code sections that may be
15 relevant.  This does not require admitting the actual text of the statute as an evidentiary exhibit
16 unless needed as rebuttal evidence as contemplated by the pretrial order.

17 The court finds that plaintiff has failed to demonstrate that he will suffer manifest
18 injustice if the court does not modify the pretrial order to allow him to use the definitions of
19 "lockdown" and "state of emergency" as exhibits in his case in chief.  He is free to use the text
20 of the code, if relevant, in cross-examination or as rebuttal evidence.

21 Accordingly, it is ORDERED that plaintiff's September 7, 2007, motion is denied.
22 Dated:   September 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3