IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC HEBBE,

        Plaintiff,                      No. CIV S-00-0306 EFB P

        vs.

CHERYL K. PLILER, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On September 27, 2007, a jury returned a verdict in favor of the defendants, and on September 28, 2007, judgment was entered. On November 1, 2007, plaintiff filed a request to file a notice of appeal beyond the time permitted in the Federal Rules of Appellate Procedure. For the reasons explained below, the request is granted.

        A timely notice of appeal is a jurisdictional prerequisite to appealing a district court's judgment. Fed. R. App. P. 4(a); *Bowles v. Russell*, 127 S.Ct. 2360, 2366 (2007) ( "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Ordinarily, a party in a civil action must file the notice within 30 days after judgment is entered. Fed. R. App. P. 4(a). Pursuant to the rules of procedure, the district court may extend time if a party so moves within 30 days of the time the notice must be filed, and the party shows either excusable neglect or

good cause. Fed. R. App. P. 4(a)(5). A party who seeks an extension within 30 days after time to appeal has expired need only satisfy the "good cause" standard. *See State of Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (per curiam) (noting the "good cause" language was added to the rule because the excusable neglect standard does not fit the situation in which an appellant seeks an extension before the expiration of the initial appeal period); *see also* Advisory Committee Notes to Fed. R. App. P. 4(a)(5).

As stated, judgment was entered on September 28, 2007. Therefore, plaintiff had until October 29, 2007, to file a notice of appeal, and until November 28, 2007, to move for an extension of time to file a notice of appeal. Thus, the November 1, 2007, request for an extension of time is timely. The court next addresses the question of good cause.

Plaintiff contends that he could not timely file a notice of appeal because his access to a law library has been severely restricted since the time judgment was entered. He asserts that upon the conclusion of the September 27, 2007, trial, he was transported to California State Prison, Sacramento, where he was housed in a gymnasium and had no access to the law library. Thereafter, he was transferred to the Correctional Training Facility, where he temporarily was "placed on cell confinement," and was denied access to a law library. Around October 18, 2007, plaintiff was moved to a regular housing unit, but still had insufficient law library access to research how to appeal and draft a notice of appeal. It is unclear whether plaintiff had access the bare essential materials needed to file a simple, single page, notice of appeal. However, the housing of plaintiff in the locations noted appear to show that he did not. According plaintiff the benefit of the doubt and in light of his timely application for an extension, the court finds good cause.

Accordingly, it is ORDERED that plaintiff's November 1, 2007, motion for an extension of time to file a notice of appeal is granted. He shall file his notice of appeal no later than November 28, 2007. Plaintiff is specifically informed that a notice of appeal need be no more than a single page in which he identifies the party taking the appeal, designates the judgment

2

being appealed and the name of the court to which the appeal is taken. Fed. R. App. P. 3(c). No further extensions of this deadline will be granted.

Dated: November 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE