IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC HEBBE,

        Plaintiff,                      No. CIV S-00-0306 EFB P

        vs.

CHERYL PLIER, et al.,

        Defendants.              ORDER

                                   /

        Plaintiff is a state prisoner represented by counsel in this civil rights action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        On September 27, 2007, a jury returned a verdict in favor of the defendants, and on September 28, 2007, judgment was entered. Plaintiff appealed, challenging the district court's April 22, 2002 partial grant of defendants' motion to dismiss.

        The U.S. Court of Appeals for the Ninth Circuit reversed the court's ruling and remanded the case as to the following two claims: 1) that prison officials violated his constitutional right of court access because they denied him use of the prison law library without providing any alternative means of legal research assistance during the limited time period in which he was

permitted to appeal his state court criminal conviction, and 2) prison officials violated his Eighth Amendment right to be free of cruel and unusual punishment because they forced him to choose between two constitutional rights, his right to exercise and his right of court access, by allowing him out of his cell only two hours per day, four days per week, for a period of eight months.

On April 28, 2011, the court directed plaintiff to file an amended complaint. On May 31, 2011, plaintiff filed a second amended complaint. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's second amended complaint and finds that, pursuant to the Ninth Circuit's ruling, the complaint states cognizable claims for relief against all defendants. Defendants have already been served in this case.

Accordingly, it is hereby ordered that defendants shall respond to plaintiff's second amended complaint within 21 days of the date of this order.

Dated:   June 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE