UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC HEBBE,

    Plaintiff,

v.

CHERYL PLILER, et al.,

    Defendants.

No. 2:00-cv-306-EFB P

ORDER[1]

The case was before the court on May 1, 2013, for hearing on plaintiff's motion for sanctions against defendants for spoliation of evidence. ECF No. 216. Katelyn Denby, Esq. appeared on behalf of plaintiff. California Deputy Attorney General Diana Esquivel appeared on behalf of defendants. As stated on the record, and for the reasons provided below, defendants' motion for sanctions is granted in part.

**I.  Background**

The initial complaint in this action was filed on February 14, 2000 and was amended on July 17, 2000. ECF Nos. 1, 8. Plaintiff alleged, in relevant part, that defendants Pliler and Vance, employees at California State Prison, Sacramento ("CSP-Sac") (1) denied plaintiff outdoor exercise during lockdowns from November 1998 to March 1999, (2) denied him access

---

[1] Plaintiff is a former state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. E.D. Cal. Local Rules, Appx. A, at (k).

1

to the courts during this same period of time, and (3) forced him to choose between library time and yard time, during non-lockdown periods. The previously assigned magistrate judge found that plaintiff had stated a cognizable claim based on the denial of outdoor exercise and recommended that the other two claims be dismissed. ECF No. 27. That recommendation was adopted by the then assigned district judge and the claims of denial of access to the courts and being forced to choose between exercise or law library access were dismissed. ECF No. 31. On September 25, 2007, the denial of exercise claim proceeded to a jury trial before the undersigned and the jury returned a verdict for defendants. ECF Nos. 142-145, 150. Judgment was entered. ECF No. 151.

Plaintiff subsequently appealed the dismissal of the access to courts claim and the choosing between yard time and library time claim. ECF No. 155. As discussed below, while that appeal was pending the defendants destroyed evidence relevant to those claims. On August 2, 2010, the U.S. Court of Appeals for the Ninth Circuit reversed and remanded, finding that both of these claims were cognizable. ECF No. 161, 166 (Nov. 19, 2010 amended opinion).

This action now proceeds on the Second Amended Complaint, in which plaintiff again asserts claims that defendants Vance and Pliler denied him access to the courts, and forced him to choose between library time and yard time. ECF No. 179.

Plaintiff seeks sanctions against defendants for their failure to produce, and admitted destruction of, discovery relevant to CSP-Sac's policies on lockdowns, law library access, and outdoor exercise. ECF No. 216. Plaintiff contends that defendants destroyed the evidence despite their duty to preserve it.

Plaintiff requests sanctions in the form of an order excluding any evidence or testimony regarding whether the restrictions on the law library and legal resources during the lockdowns were reasonably related to a legitimate penological interest, and whether the forced choice between the right to court access and the right to outdoor exercise after the lockdowns was reasonably related to a legitimate penological interest. Plaintiff also requests that at trial the jury be read an adverse inference jury instruction that: (a) the destroyed evidence would have supported plaintiff's contention that the restrictions on the law library and legal resources during

the lockdowns were not reasonably related to a legitimate penological interest; and (b) the destroyed evidence would have supported plaintiff's contention that the forced choice between the right to court access and the right to outdoor exercise after the lockdowns was not reasonably related to a legitimate penological interest. Plaintiff also seeks reasonable attorneys' fees and costs related to bringing the motion, in an amount to be determined subject to proof.

Defendants' opposition[2] to the motion argues that because of the 2007 jury verdict in their favor on plaintiff's claim that the lockdowns restricted plaintiff's right to outdoor exercise, they had no duty to preserve evidence regarding those lockdowns. ECF No. 221. Defendants further make the remarkable assertion that they were entitled to purge that evidence as irrelevant even though plaintiff's appeal involving the claim that the lockdowns also restricted his right to access the courts was still pending before the Ninth Circuit. In addition, defendants assert that all discovery regarding policies on law library access and outdoor exercise has now been produced.

**II.     Legal Standards**

"The duty to preserve relevant evidence can arise even before the commencement of litigation, and sanctions may be imposed if Defendants knew or should have known that the evidence destroyed was potentially relevant." *United States v. Maxxam, Inc.*, 2009 U.S. Dist. LEXIS 30743 (N.D. Cal. Mar. 27, 2009). The destruction of evidence need not occur after the specific evidence at issue was requested; rather, "[s]anctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information." *Id.* (quoting *Wm. Thomas Co. v. General Nutrition Corp., Inc.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984)); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (a party engages in "willful spoliation" if that party has "some notice that the documents were potentially relevant to the litigation before they were destroyed."). The court has the inherent authority to impose sanctions based on

---

[2] On the day that plaintiff's reply was due, defendants filed additional declarations, and "recently" discovered evidence, *see* ECF No, 223 which plaintiff moved to strike. ECF No. 225. As stated on the record, plaintiff's motion to strike is denied and all documents submitted to the court have been considered.

3

1  destruction or spoliation of evidence.  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

2  The court may exclude related or derivative evidence offered by a party who has destroyed

3  evidence while under a duty to preserve it, if that evidence would unfairly prejudice the opposing

4  party.  *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 at 368-69 (9th Cir.

5  1992);

## III.    Discussion

Plaintiff contends that defendants failed to produce evidence in eleven categories of discovery related to CSP-Sac's policies on lockdowns, law library access, and outdoor exercise. Before plaintiff's filing of the instant motion, defendants admitted to destroying documents responsive to five of these eleven categories.  *See* ECF No. 216-10, Items 4, 5, 6, 13, 15.  As for the remaining six categories, defendants initially refused to produce documents on the grounds that the documents requested related to lockdown procedures, and were therefore not relevant to the issues remaining in the case.  *See* ECF No. 216-10, Items 7, 8, 9, 10, 11, and 12.  Defendants later produced some potentially relevant documents, but later admitted that most of the documents responsive to these six categories had also been destroyed.  ECF No. 216-12.

Although defendants assert that any destroyed documents would have been irrelevant, the court finds that the documents identified and requested in plaintiff's eleven categories were reasonably calculated to lead to the discovery of admissible evidence.  Further, any doubt as to relevancy of evidence cannot be resolved in favor of defendants, the party who destroyed it.  *See Leon v. IPX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (internal quotation marks omitted).

Plaintiff's first claim concerns his restricted access to legal resources during the period of lockdowns from November 1998 to March 1999.  The documents requested would have concerned the justifications for and the various restrictions imposed during the lockdowns, including inmate access to the law library and legal resources.  Defendants previously argued that the restrictions they imposed on access to legal resources during the lockdowns were reasonably related to a legitimate penological interest.  *See* ECF No. 204-1 at 6, 7-8, 10.  In light of this defense, evidence related to the prison's policies and procedures governing the lockdowns, is most certainly relevant.

4

Defendants contend that because a jury had already decided that these lockdowns were lawful following the 2007 trial on plaintiff's outdoor exercise claim, they would be justified in purging lockdown-related documents. This argument, frankly, is incomprehensible. First, the 2007 jury did not necessarily decide that the lockdowns were lawful and there is no basis for reaching such a conclusion. The jury completed a general verdict form, and could have rested its decision on a number of grounds, including that the alleged denial of outdoor exercise was not sufficiently serious to establish an Eighth Amendment violation.[3] Second, defendants have failed to provide *any* details as to the circumstances surrounding their admitted destruction of the documents. At the hearing, the court pressed defense counsel for an explanation as to exactly which documents were destroyed, why they were destroyed, when they were destroyed, and who ordered that they be destroyed. These questions remain unanswered. The argument defendants now advance – that they would have been justified in purging the documents following the 2007 trial – is nothing more than an after-the-fact explanation for their inexplicable and apparently indefensible destruction of relevant evidence. The argument that the trial was over ignores entirely defendants' knowledge of and participation in the litigation before the Ninth Circuit at the time the documents were destroyed. There clearly was a duty to preserve this evidence.

It is also troubling that the explanation appears to be morphing. In their opposition to plaintiff's motion and in their supplemental declarations and exhibits, defendants produce documents that they previously represented as having been destroyed; they also claim that documents they admitted to destroying, never actually existed. Defendants' after-the-fact explanation and conflicting representations about the destruction and/or existence of relevant documents cannot be taken seriously.

/////

---

[3] Nor is there any merit to defendants' argument predicated on issue or claim preclusion. The argument, in sum, is that the jury's verdict for the defense on the Eighth Amendment exercise claim was preclusive of the two claims that were pending on appeal and later remanded for trial. To the extent that one construes, as defendants do, the judgment entered on that verdict as preclusive of the issues involving the lockdown and its effect on plaintiff's access to the courts, or having to choose between exercise and access to the law library, by necessary implication that part of the judgment was reversed when the Ninth Circuit remanded those very claims for trial.

Plaintiff's second claim concerns whether he was forced to choose between having library time and having yard time during non-lockdown periods. The documents requested would have concerned outdoor exercise, including the schedules for yard time and library time and the rationale for scheduling them concurrently. In addition, the documents would have concerned the duties and responsibilities of defendants and other staff, as they related to inmate access to the yard and inmate access to the law library and legal resources. Defendants now purport to produce documents responsive to plaintiff's requests for documents relating to law library access and outdoor exercise, and contend that they have now produced all requested and relevant documents. *See* ECF No. 222, Esquivel Decl. ¶¶ 7, 9; ECF Nos. 222-5 (Ex. D), 222-6 (Ex. E), 222-8 (Ex. G) (including two versions of a Handbook Guide to Library Procedures, and one version of an Operations Procedures Update Listing); ECF No. 223, Supp. Esquivel Decl. ¶ 2; ECF No. 223-1 (Ex. H) (list of Department of Corrections Operational Manual ("DOM") Revisions). Significantly, defendants' belated production does not include any documents that were in effect on the dates relevant to plaintiff's claims. Thus, as plaintiff properly points out, even if the documents now produced are potentially relevant to plaintiff's claims, critical evidentiary gaps remain. *See* ECF No. 224 at 14 (explaining that plaintiff has not only been denied documents pertaining directly to the lockdowns during the relevant time period, but also documents including information related to inmate exercise and/or inmate access to the law library and legal resources during the relevant time period). Moreover, defendants' assertion that the requested and relevant documents have now been produced cannot be reconciled with their earlier representation that requested and relevant documents were destroyed. *See* ECF No. 216-10, Items 4, 6, 13 (conceding that "the relevant portions of these supplements were destroyed," "the post orders and desk manuals that may have been relevant to these proceedings have been destroyed . . . [t]hey cannot be produced," and "[c]opies of this pamphlet . . . during the relevant time frame have likely been purged"); ECF No. 216-12 ("it is extremely difficult to obtain the documents as most have been destroyed"). Simply put, the court cannot credit defendants' assertion that all responsive documents have now been produced given the inconsistent and incomplete record regarding their management of discovery in this case.

The court finds that defendants destroyed relevant evidence during the pendency of the appeal and that the destruction of the evidence was willful.[4] Defendants admittedly destroyed documents that were potentially relevant to this litigation, despite having been on notice of plaintiff's claims as early as 1999 (*see* ECF No. 216 at 6-10 detailing plaintiff's pre-litigation complaints to defendants), and despite knowing that the two claims now before the court on remand were pending before the Ninth Circuit when the documents were destroyed. The fact that trial as to one of the three original claims was completed in no way relieved defendants and their counsel of the duty to preserve relevant evidence during the time the other two claims were pending before the Ninth Circuit. The court also finds that plaintiff is prejudiced as a result of the spoliation. As suggested by their earlier filed motion for summary judgment, defendants will undoubtedly argue at trial that the prison's policies on lockdowns, law library access, and outdoor exercise were reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"). Plaintiff has identified eleven categories of documents potentially relevant to these same policies, which defendants have admittedly destroyed. *See* ECF No. 216 at 8 (arguing that because of this "evidentiary vacuum," plaintiff will have no ability to impeach testimony that the policies were reasonably related to legitimate penological interests). In light of these "evidentiary gaps," which are indisputably attributable to defendants, the court finds that plaintiff will be unfairly prejudiced at trial. *See* ECF No. 224 at 14; *see Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (prejudice found where party was forced to rely on incomplete and spotty evidence because of defendants' willful conduct).

As discussed at the hearing, some form of evidentiary sanction is appropriate. Courts should choose a sanction that will "(1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an

---

[4] If defendants' representations to the court are credited, they chose to preserve the evidence until the trial on the outdoor exercise claim was over, but then someone for the defense decided to destroy the documents while the two related but dismissed claims were pending on appeal.

7

erroneous judgment on the party who wrongfully created the risk; and (4) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *AdvantaCare Health Partners, LP v. Access IV,* No. 03-4496, 2004 U.S. Dist. LEXIS 16835, at *12-13 (N.D. Cal. Aug. 17, 2004) (internal citations omitted). Permissible sanctions include evidentiary rulings, adverse inference jury instructions, monetary sanctions, and attorney's fees. *Id.* at 12. Courts must exercise their inherent powers to levy an appropriate sanction "with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

With the above factors in mind, it is apparent that some form of evidentiary sanction and adverse inference jury instruction is warranted. However, the court has carefully considered plaintiff's proposed adverse inference instruction and concludes that it would effectively resolve in plaintiff's favor the ultimate disputed issue of whether defendants' policies were reasonably related to legitimate penological interests. The court is not inclined to go this far. *See Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1147 (9th Cir. 2011) (court may decline to use party's requested wording for an adverse inference instruction when, for example, the suggested language would impermissibly direct the jury to reach a conclusion about a matter of disputed fact). Rather, a less draconian but nonetheless severe form of evidentiary sanction is sufficient to achieve the deterrent and remedial purposes of the sanction. Defendants shall be precluded from introducing at trial any of the untimely discovery produced for the first time with their opposition to the instant motion. *Unigard Sec. Ins. Co*, 982 F.2d at 368-69. In addition, the court will instruct the jury as follows:

    (1) Defendants destroyed evidence regarding the restrictions on the law library and legal resources during the lockdowns despite a legal duty to preserve that evidence. You are permitted, but not required, to draw the inference that this evidence would have supported plaintiff's factual contentions; and

/////

/////

/////

8

    (2) Defendants destroyed evidence regarding the rationale behind the forced choice between the right to court access and the right to outdoor exercise despite a legal duty to preserve that evidence. You are permitted, but not required, to draw the inference that this evidence would have been favorable to plaintiff.

These sanctions are sufficient to cure the prejudice to plaintiff and to prevent defendants from taking advantage of the evidentiary vacuum that they created. In an abundance of caution, however, the court will permit the parties to propose revisions to the above instruction in their joint pretrial statement.[5]

    Plaintiff's request for costs and attorneys' fees in bringing their motion is granted.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 225) is denied.
2. Plaintiff's motion for sanctions (ECF No. 216) is granted as set forth above.
3. Within 14 days, plaintiff's counsel shall file an accounting of their costs and fees, along with a declaration justifying each cost and fee. Within 7 days thereafter, defendants may file objections.

DATED: August 21, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] The final version of the language for the instruction will be resolved, along with all other jury instructions, at the time of trial.